

# THE ATTORNEY GENERAL
## OF TEXAS

June 24, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Mark W. Stiles
Chairman
County Affairs Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.   JM-725

Re:    Whether a county department
is authorized to purchase its own
supplies

Dear Representative Stiles:

You ask whether it is permissible for a county department to purchase its own office supplies under subsection 3(c) of article 2368a.5, V.T.C.S., County Purchasing Act, which provides:

> In applying the competitive bidding and competitive proposal requirements established by Subsection (a) of this section, <u>all separate, sequential, and/or component purchases of items ordered or purchased, with the intent of avoiding the competitive bidding and competitive proposal requirements of this Act, from the same supplier by the same county officer, department, or institution are treated as if they are part of a single purchase and of a single contract</u>. (Emphasis supplied).

The competitive bidding requirements of section 3(a) are:

> Before a <u>county</u> may purchase one or more items under a contract that will require an expenditure exceeding $5,000, <u>the commissioners court of the county must comply with the competitive bidding or competitive proposal procedures prescribed by this Act</u>.  All bids or proposals must be sealed. (Emphasis supplied).

Section 14 of article 2368a.5 provides for a criminal penalty for a violation of the County Purchasing Act, as follows:

> (a)  A county officer or employee <u>who knowingly or intentionally makes or authorizes separate, sequential, and/or component purchases in order to</u>

avoid the competitive bidding requirements of Section 3 of this Act commits an offense. The offense is a Class B misdemeanor and shall, upon final conviction, result in the immediate removal of the county officer or employee from office.

(b) A county officer or employee who knowingly or intentionally violates this Act commits an offense. The offense is a Class C misdemeanor, except that a violation of the competitive bidding requirements under Subsection (a) of this section is a Class B misdemeanor. (Emphasis supplied).

The background information contained in the Bill Analysis to Senate Bill No. 807, Acts 1986, 69th Leg., ch. 641, at 2377, eff. Sept. 1, 1985 (now article 2368a.5) reflects an intention on the part of the Legislature to enact a uniform purchasing law for counties regardless of population. The background information reflects:

Traditionally, laws governing county purchasing have been written each time counties have been given authority to make a purchase for a public purpose. The result of this process has been the proliferation of statutes governing county purchasing that are contradictory and without uniformity. Because of bracketed county purchasing laws, counties can have a purchasing law that they have followed for decades, and then, because of growth, find the county under an entirely different purchasing statute with different requirements. S.B. 807 repeals many of these old purchasing laws and amends others and creates a new, uniform purchasing law for counties regardless of population. . . . In effect, S.B. 807 gives all counties the same requirements relating to purchasing and removes the disadvantage imposed by earlier methods of regulating the purchasing activity of county officials. . . .

Bill Analysis to S.B. No. 807, prepared for House Committee on County Affairs, filed in Bill File to S.B. No. 807, Legislative Reference Library.

You state that the question you pose has arisen as a result of individual departments of Waller County purchasing their own office supplies. Your concern appears to be whether the $5,000 limitation imposed by section 3 of article 2368a.5 apply to purchases by a single county department or to the sum total of all purchases by various county departments from the same supplier. We note that article

2368a.5, V.T.C.S., does not in and of itself authorize a county department to make purchases absent approval of its commissiouers court.  V.T.C.S. art. 2351, §9.

In Attorney General Opinion JM-670 (1987), we quoted with approval, a well known rule of construction set forth in Attorney General Opinion M-650 (1970).  There it was stated:

> Another fundamental rule requires that a statute be construed as a whole and that all of its parts be harmonized if possible, so as to give effect to the entire act according to the evident intention of the legislature.
>
> . . . .
>
> [T]he Court will endeavor to reconcile the various provisions of the act, insofar as they may appear to be conflicting or inconsistent, to the end that the enactment and every word, phrase, clause, and sentence may have its proper effect.
>
> Each part of the statute is to be considered in connection with every other part and with the entire enactment, in order to produce a harmonious whole and to reach the true legislative intent. Thus, in case of doubt as to the meaning of a particular word, clause, provision, or section, it is to be viewed in the light of all the language employed. It follows that a provision will not be given a meaning out of harmony with other provisions and inconsistent with the purpose of the act, although it would be susceptible of such construction standing alone.  53 Tex. Jur. 2d 229-32, Statutes, Sec. 160.

If we isolate that language in subsection 3(c) relative to purchases "by the same county officer, department, or institution," a logical construction of the act might be to place the $5,000 contractual limitation solely upon the officer or department rather than the county.  However, subsection 3(c) refers to subsection 3(a) in applying the competitive bidding and competitive proposal requirements of the act.  Subsection 3(a) places a $5,000 limitation upon the county rather than a county officer, department or institution.  Aside from subsection 3(c), purchases by county officers, departments or institutions are not mentioned in any other portion of the act except section 14 which provides a criminal penalty for a county officer or employee who intentionally violates the requirements of section 3.

Section 3 is explicit in requiring in instances where a county's contract for purchases exceeding $5,000 that "the commissioners court of the county must comply with the competitive bidding or competitive proposal procedures prescribed by this act." As pointed out in a memorandum furnished by the Waller County Attorney, it is axiomatic that the county is the purchaser without regard to whether the purchase is made by the department or through the commissioners court.

A county officer, department or institution may purchase its own office supplies subject to the limitations imposed by section 3 of article 2368a.5, and subject to commissioners court approval. It is our opinion that the $5,000 limitation imposed by subsection 3(a) applies to the total purchases of all the county officers, departments or institutions from the same supplier. Subsection 3(c) prohibits the intentional avoidance of the bid requirements of subsection 3(a) by "separate, sequential, and/or component purchase of items" from the same supplier by county officers, departments or institutions.

## S U M M A R Y

A county officer, department or institution may purchase its own supplies subject to the limitations imposed by section 3 of article 2368a.5, V.T.C.S., and subject to commissioners court approval. Before a county may purchase one or more items under a contract that will require an expenditure exceeding $5,000, the commissioners court must comply with the competitive bidding requirements of this act. The $5,000 limitation applies to purchases by the county from the same supplier. Section 3 prohibits the intentional circumvention of the $5,000 limitation by separate, sequential and/or component purchases by the same county officers, departments, or institutions.

Very truly yours

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General